UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRICELDA OCHOA,<br>Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION,<br>Defendant. | No. 2:26-cv-01121-TLN-CSK<br>**ORDER** |

This matter is before the Court on Plaintiff Gricelda Ochoa's ("Plaintiff") Motion for Relief under Federal Rule of Civil Procedure ("Rule") 56(d). (ECF No. 12.) Defendant Costco Wholesale Corporation ("Defendant") filed an opposition. (ECF No. 16.) Plaintiff did not file a reply. For the reasons set forth below, the Court GRANTS in part Plaintiff's motion.

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a slip and fall on Defendant's property. (ECF No. 1 at 20.) Plaintiff filed this action in San Joaquin County Superior Court on July 30, 2025. (*Id.*) Defendant filed an Answer to the Complaint in San Joaquin County Superior Court on September 26, 2025. (*Id.* at 3, 35.) Defendant removed the action to this Court on March 26, 2026. (*Id.* at 5.) Defendant filed a motion for summary judgment on August 3, 2026. (ECF No. 9.) Plaintiff filed the instant motion on August 7, 2026 and a timely opposition to the motion for summary judgment on August 17, 2026. (ECF Nos. 12, 15.)[1] Defendant filed a timely opposition to the instant motion on August 19, 2026. (ECF No. 16.) Plaintiff did not file a reply in support of the instant motion.

## II. STANDARD OF LAW

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (citation omitted).

"The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). A court may deny "further discovery if the movant has failed diligently to pursue discovery in the past." *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citation omitted). However, "[c]ourts usually employ a 'generous approach toward granting [Rule 56(d)] motions.'" *City of W. Sacramento v. R & L Bus. Mgmt.*, No. 2:18-cv-00900-WBS-EFB, 2019 WL 5457029, at *1 (E.D. Cal. Oct. 24, 2019) (citation omitted).

///

---

[1] Defendant filed a reply to the motion for summary judgment on August 26, 2026. (ECF No. 17.)

## III. Analysis

Plaintiff requests the Court deny Defendant's motion for summary judgment or defer any ruling until Plaintiff has had a reasonable opportunity to conduct essential discovery for her opposition. (ECF No. 12 at 2.) Plaintiff requests the following discovery: (1) two hours of video surveillance footage of the area where Plaintiff fell, (2) floor-walk and inspection logs for the morning of the incident, (3) identities and statements of all employees who "performed floors walks, walked through the Subject Area, or responded to the Incident," (4) Defendant's written policies, procedures, and training materials "regarding floor inspections, spill response, and hazard remediation in effect" the day of the incident, and (5) records of prior similar incidents at Defendant's Lodi warehouse. (*Id.* at 3–4.) Defendant argues Plaintiff cannot establish diligence where she had conducted no discovery in the one-year duration of the litigation at the time of Defendant's motion for summary judgment. (ECF No. 16 at 3.) The Court reviews Plaintiff's diligence then turns to the requirements of Rule 56(d).

### A. Diligence

Because fact discovery is not yet closed, or even near closure, it would be unreasonable for the Court to find Plaintiff was not diligent in pursuing fact discovery for the purpose of opposing the motion for summary judgment.

The Pretrial Scheduling Order states "[a]ll fact discovery shall be completed no later than three hundred and sixty five (365) days from the date upon which the last answer is filed with the Court . . . or from the date of removal, whichever is later." (ECF No. 5 at 2.) Defendant removed the action on March 26, 2026. (ECF No. 1.) Counting 365 days from the date of removal, fact discovery closes March 26, 2027.

Defendant argues Plaintiff should not be allowed to complete additional discovery because Plaintiff had over a year from when she first filed the action on July 30, 2025 in state court to conduct discovery *before* Defendant filed its motion for summary judgment on August 3, 2026. (ECF No. 16 at 1.) However, Defendant cites no caselaw supporting its contention that discovery diligence should be measured from the filing of the complaint in state court rather than according to the operative pretrial scheduling order. Therefore, the Court reviews the fact

discovery timeline from the time of removal, in alignment with the pretrial scheduling order.

Defendant argues, and Plaintiff admits, Plaintiff conducted no depositions and served no written discovery prior to Defendant's motion for summary judgment. (ECF No. 12 at 3, ECF No. 16 at 1.) On one hand, Plaintiff had over four months to conduct discovery prior to Defendant's motion for summary judgment. On the other hand, Plaintiff also had over *seven months* until the close of fact discovery when Defendant filed the motion for summary judgment. In consideration of (1) the early stage of the case, and (2) fact discovery remaining open for multiple months after Defendant's motion for summary judgment was filed, the Court finds Plaintiff's diligence, albeit minimal at best, does not alone warrant denial of the Rule 56(d) motion.

B. Rule 56(d) Requirements

First, Rule 56(d) requires an "affidavit or declaration" that the movant cannot present facts essential to justify its opposition. Plaintiff must make a timely application which specifically identifies relevant information where there is some basis for believing that the information sought actually exists. *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund*, 353 F.3d at 1129.

The Court finds Plaintiff satisfies the Rule 56(d) requirements. Plaintiff provides a declaration from her attorney, Frederick J. Sette ("Sette Declaration"). (ECF No. 12 at 5–7.) Plaintiff's motion was timely. (ECF Nos. 9, 12.) The Sette Declaration identifies specific relevant information for opposing Defendant's motion for summary judgment, including surveillance footage, inspection and floor walk logs, identities and statements of relevant employees, records of similar prior incidents at the incident location, and Defendant's written policies, procedures, and training materials. (ECF No. 12 at 5–6.) There is a basis for believing the information sought actually exists where Defendant used video surveillance footage, employee declarations, and a "Daily Floor-Walk/Safety Inspection" form in its motion for summary judgment. (ECF No. 9-3 at 2–3; ECF No. 9-5 at 1–2, 4; ECF No. 9-6 at 1–3, 5.) Therefore, Plaintiff's Rule 56(d) motion satisfies the necessary elements.

///

///

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiff's Motion for Relief under Rule 56(d). (ECF No. 12.) The Court DEFERS ruling on the motion for summary judgment.

Plaintiff shall have ninety (90) days from the date of this Order to complete the discovery identified in her Rule 56(d) motion and to file an amended opposition to Defendant's motion for summary judgment. Defendant may file an amended reply not later than ten (10) days after the amended opposition is filed. If the Court determines oral argument is necessary, it will be scheduled at a later date.

IT IS SO ORDERED.

DATED: November 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE